# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10210 PA (GJSx) | Date | January 8, 2020 |
|---|---|---|---|
| Title | Dominic Abad v. Signature Flight Support Corp. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Dominic Abad ("Plaintiff") (Docket No. 7). Plaintiff seeks remand of the action he commenced in Los Angeles Superior Court. Plaintiff served defendant Signature Flight Support Corporation ("Defendant") with the Summons and Complaint on October 29, 2019. Defendant, alleging that the Court possesses jurisdiction over the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332(d), filed its Notice of Removal on December 2, 2019. In his Motion to Remand, Plaintiff contends that Defendant's Notice of Removal is procedurally defective because it was filed beyond the 30 day limit established by 28 U.S.C. § 1446(b)(1). Plaintiff additionally asserts that Defendant's Notice of Removal fails to satisfy § 1332's amount in controversy requirement. Defendant has filed an Opposition to the Motion to Remand. The Court concludes that no further briefing is necessary. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 28, 2020, is vacated, and the matter taken off calendar.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10210 PA (GJSx) | Date | January 8, 2020 |
|---|---|---|---|
| Title | Dominic Abad v. Signature Flight Support Corp. | | |

    Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

    When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum] when federal jurisdiction is challenged. . . . [A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10210 PA (GJSx) | Date | January 8, 2020 |
|---|---|---|---|
| Title | Dominic Abad v. Signature Flight Support Corp. | | |

assumptions." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090–91.

Here, the Court concludes that Defendant's Notice of Removal satisfies the amount in controversy requirement by alleging facts establishing that it is more likely than not that the amount in controversy exceeds $75,000. The Court therefore denies the Motion to Remand to the extent it contends that the Court lacks subject matter jurisdiction over the action.

Plaintiff also contends that the Notice of Removal is untimely because it was filed more than 30 days after Defendant was served with the Summons and Complaint. To remove an action from state to federal court, a defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); see also Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."). Here, Defendant's Opposition to the Motion to Remand asserts:

> Removal. Defendant was served with Plaintiff's Complaint on October 29, 2019. Under 28 U.S.C. §1446(b)(1), Defendant's Notice of Removal was due on November 28, 2019. However, November 28, 2019, Thanksgiving, and November 29, 2019, the Friday after Thanksgiving, were holidays and the Court was closed. The Court was also closed on Saturday, November 30, 2019, and Sunday, December 1, 2019. The Court's holidays and weekend closures extended the time for filing Defendant's Notice of Removal under Rule 6 to December 2, 2019, the first accessible day that was not a Saturday, Sunday or legal holiday. Thus, Defendant timely filed its Notice of Removal on December 2, 2019.

(Opp'n 9:1-9 (citations omitted).) Defendant also asserts that although Plaintiff's counsel did initiate the pre-filing meeting of counsel required by Local Rule 7-3 to discuss the alleged subject matter defect, Plaintiff's counsel did not raise the timeliness of the filing of the Notice of Removal during the meet and confer process. Because Plaintiff's counsel did conduct a Local Rule 7-3 meeting, Defendant has had an opportunity to brief the issue, and it is unlikely that the parties would have resolved their dispute concerning the procedural defect without the Court's intervention, the Court will consider the issue.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10210 PA (GJSx) | Date | January 8, 2020 |
|---|---|---|---|
| Title | Dominic Abad v. Signature Flight Support Corp. | | |

Although the Court was closed on November 29, 2019, that closure is not a "legal holiday" for purposes of computing time under Federal Rule of Civil Procedure 6(a)(1). Specifically, Rule 6(a)(1) computes time by including "the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or <u>legal holiday</u>." Fed. R. Civ. P. 6(a)(1)(C) (emphasis added). Rule 6(a)(6) defines "legal holiday" to mean "the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day." The Friday after Thanksgiving is not included in Federal Rule of Civil Procedure 6's definition of "legal holidays." Additionally, because the Court's electronic filing system was available on that day, the Clerk's Office was not "inaccessible" for purposes of Federal Rule of Civil Procedure 6(a)(3). <u>See</u> Fed. R. Civ. P. 6(a)(3) advisory committee's notes to 2009 amendment ("The reference to 'weather' was deleted from the text to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system."); <u>see also</u> <u>McElveen v. Westport Recovery Corp.</u>, 310 F. Supp. 3d 1374, 1378-79 (S.D. Fla. 2018) (concluding that the availability of electronic filing system did not render the Clerk's Office "inaccessible" and collecting cases).

The Court therefore concludes that because Defendant was served with the Summons and Complaint on October 29, 2019, and the thirtieth day after that, November 29, 2019, was not a "legal holiday" or day on which the Clerk's Office was "inaccessible," Defendant's filing of the Notice of Removal on December 2, 2019, is untimely and renders it procedurally defective. <u>See</u> 28 U.S.C. § 1446(b). Accordingly, the Court concludes that although it would otherwise possess subject matter jurisdiction over the action, the Court grants Plaintiff's Motion to Remand based on the procedural defect of the untimely filing of the Notice of Removal. This action is therefore remanded to Los Angeles Superior Court, Case No. 19STCV33810. <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO ORDERED.